UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1733-JST (MLGx)  Date: January 12, 2011

Title: Blackstone Equipment Financing, L.P. v. Gary Bernhard, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

On December 3, 2010, the Court issued an OSC, noting that Plaintiff Blackstone Equipment Financing, L.P. failed to establish citizenship in its Complaint, because "principal place of business" and "domicile" are not the standard for establishing citizenship of unincorporated associations, such as limited partnerships. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Court required Plaintiff to establish the citizenship of all members of the limited partnership. In Plaintiff's response to the Court's OSC, it indicated that the General Partner was Stanmore Management Company, LLC, "with its principal place of business" and "domicile[d]" in California. (Doc. 5.)

On December 8, 2010, the Court renewed its OSC, noting that a limited liability company is also an unincorporated association, not a corporation, and is thus deemed to have the citizenship of each of its members. *See United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146 (1965). The Court advised that in order to establish diversity jurisdiction, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 10-1733-JST (MLGx)                              Date:  January 12, 2011

Title:  Blackstone Equipment Financing, L.P. v. Gary Bernhard, et al.

needed to plead <u>the states where all members of the General Partner's limited liability company are citizens</u>.

Upon reopening the case on January 6, 2011, the Court reinstated this OSC, requiring Plaintiff to submit a written response no later than January 13, 2011.  On January 10, 2011, Plaintiff responded to the Court's OSC (Doc. 14), however, Plaintiff does not appear to have understood the problems set forth by the Court.  Plaintiff wrote that it has three members – two individuals (Frank Freer and Brian Chisick) who are limited partners, and a general partner, Stanmore Management Company LLC.  Plaintiffs then allege citizenship for Stanmore Management Company LLC as if it was a corporation. (Doc. 14 at 2.)  As noted by the Court in its OSC of December 8, 2010, Stanmore Management Company LLC is a limited liability company, therefore, it is an unincorporated association, <u>not a corporation</u>, and is thus deemed to have the citizenship of each of its members.  Therefore, the Court concludes that Plaintiff has failed to satisfy the Court's OSC, but the Court will allow Plaintiffs to respond in writing **no later than January 13, 2011**, to properly address the issues set forth in the Court's OSC of December 8, 2010.  Failure to timely respond will result in immediate dismissal of this action.

Initials of Preparer:  <u>enm</u>